14-2567
Gonzalez v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand sixteen.

PRESENT:    ROSEMARY S. POOLER,
            RAYMOND J. LOHIER, JR.,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

---------------------------------------------------------------------------------

Esteban Gonzalez,

                    *Plaintiff-Appellant*,

            v.                                              No. 14-2567

United States of America,

                    *Defendant-Appellee.*

---------------------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:        SALLY WASSERMAN, Law Office of Sally
                                Wasserman, New York, NY.

FOR DEFENDANT-APPELLEE:         AMANDA L. HOULE, Assistant United
                                States Attorney (Brian A. Jacobs,
                                Assistant United States Attorney, *on the
                                brief*), *for* Preet Bharara, United States

1

Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*; James L. Cott, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Esteban Gonzalez appeals from a June 20, 2014 judgment of the United States District Court for the Southern District of New York, in which it adopted a magistrate judge's recommendation, denied petitioner's objections to that recommendation, and denied petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Gonzalez was convicted in 1994 of possession of a firearm after having previously been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); he is currently serving a term of supervised release following a 210-month term of imprisonment. Gonzalez argues primarily that the Government's failure at trial to disclose two substantiated Civilian Complaint Review Board ("CCRB") complaints against Police Officer Crowe, the sole eyewitness at trial, violated its obligations under Brady v. Maryland, 373 U.S. 83, 87 (1963), and Giglio v. United States, 405 U.S. 150, 154-55 (1972). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Gonzalez argues, first, that the CCRB's substantiation of the two complaints amounted to adverse credibility determinations against Officer Crowe, and, second, that the alleged misconduct underlying the CCRB complaints was relevant to Officer Crowe's character for truthfulness or untruthfulness and was thus a proper basis for cross-examination under Federal Rule of Criminal Procedure 608. Even assuming without deciding that Gonzalez could have used these complaints

2

to cross-examine Officer Crowe, we conclude, based on our review of this record, that there was no "reasonable probability that, had the evidence been disclosed . . . , the result of the proceeding would have been different." Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987). At trial, Gonzalez thoroughly impeached Officer Crowe using his prior inconsistent statements about the circumstances surrounding Gonzalez's arrest and pointing to his motive to lie. See United States v. Jackson, 345 F.3d 59, 74-75 (2d Cir. 2003); United States v. Orena, 145 F.3d 551, 559 (2d Cir. 1998); Tankleff v. Senkowski, 135 F.3d 235, 251 (2d Cir. 1998). Further, the "key aspects" of Officer Crowe's testimony "were corroborated" by other evidence, in particular by the discovery of two firearms in the location where Officer Crowe said he saw Gonzalez and his co-defendant throw them, as well as testimony demonstrating the implausibility of the theory that Officer Crowe planted the guns. United States v. Petrillo, 821 F.2d 85, 89-90 (2d Cir. 1987); see also United States v. Sperling, 506 F.2d 1323, 1335-40 (2d Cir. 1974) (reversing where testimony was not corroborated, affirming where testimony was corroborated by substantial independent testimony). We therefore agree with the District Court and the Magistrate Judge that the two complaints, though possibly useful insofar as they provided an additional basis to attack Officer Crowe's credibility, could not "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Kyles v. Whitley, 514 U.S. 419, 435 (1995); see Jackson, 345 F.3d at 74; Orena, 145 F.3d at 559; see also Giglio, 405 U.S. at 154.

We have considered all of Gonzalez's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3